### Hoyt and others v. Hilton and others, Executors of Hilton, deceased.

---

Infants must file their bills by *prochein amy* and not by guardian.
A bill ought not to be filed for a legacy. An application should be made to the Surrogate.
A father only can appoint a testamentary guardian of his children.

---

Bill of infants under fourteen years of age by their father and " guardian of their persons and estates," against the executors named in their grandfather's will, for the payment of legacies to them " or their said guardian."

By the will of Benjamin Hilton (the grandfather) the children of his daughter Susan, and who were the complainants, had the sum of six hundred dollars bequeathed to each of them and to be paid when they should each attain the age of twenty-one years or day of marriage, with survivorship in case of death. But, by a codicil, the testator revoked these legacies and bequeathed a different sum in the following words : " I hereby revoke the legacies of six hundred dollars bequeathed by me in said will to each of the children of my daughter Susan ; and in lieu thereof, I give and bequeath to the children of my said daughter Susan, the sum of one thousand dollars to be equally divided between them." The testator also gave the fifth part of the sum of thirty-nine hundred dollars to the same children, thus : " and to the children of my daughter Susan the remaining fifth part thereof." And he

nominated and appointed his executors and executrix testamentary guardians of the children.

The executors, against whom the bill was filed, had answered it; and the point, as to whether the children were entitled immediately to the legacy, was submitted to the Court.

Mr. *David Graham*, for the complainants.

Mr. *Smith Barker*, for the defendants.

THE VICE-CHANCELLOR:—The codicil in this case is clear and explicit; and there can be no doubt of the right of the children of Susan to an immediate payment of their legacies. But, I consider there are objections to a suit of this nature. The bill is filed by the father of the legatees as their general guardian, appointed by the Surrogate. This gives him no authority to come into this court. A suit for the benefit of infants should be filed by a *prochein amy*; and, since the Revised Statutes, no one else can do it. I hold the statutes to be imperative on this head.

Again: there was no occasion to bring such a bill in this court. The Surrogate has power, under the Revised Statutes, to compel the payment of legacies. The course is expressly laid down in the Statutes. There is, consequently, no necessity for such a bill. I do not mean to say this court has no jurisdiction. But the father ought to go into the Surrogate's Office, where legacies can be ordered to be paid to a general guardian; whereas, here, they cannot: unless security be given and the general guardian be thereby turned into a special one. This has been decided by Chancellor Kent: *Genet* v. *Tallmadge*, 1 J. C. R. 561.

There is one circumstance, however, which might possibly have led the party to the course here pursued. I refer to the testator's appointment of the executors and executrix as testamentary guardians of the infants who are legatees. It has been decided, and the principle is no doubt so, that a testamentary guardian can only be appointed by a father. The grand-father, in the present case, had no such power: *Fullerton* v. *Jackson*, 5. J. C. R. 278.

1834.

HOYT
*v.*
HILTON.

1834.    I do not feel disposed to turn this bill out of court.  The party may, if he likes, take an order for the legacies to be paid into court for the benefit of the children: but not for the father to receive the money.    The costs of the bill ought not to be paid out of the fund.

Mr. *Graham.*    There was no idea of requiring costs on either side.    Will the court allow the father to give security at this time, as special guardian?

THE VICE-CHANCELLOR.    Such a question must come before me through a regular petition.    I cannot pass upon it at this time and in this way.