## SUPREME COURT.

### In the Matter of the Guardianship of Hannah M. Pierce, an infant.

The *mother* of an infant child has no authority, by law, to dispose of the custody and tuition of such child during its minority; consequently, she has no power to appoint a testamentary guardian for such child.

A surrogate acquires *jurisdiction* to appoint a general guardian of an infant where the *actual residence* of the latter, for the time being, is in the county of the surrogate, although the *legal residence* or *domicil* of the infant is in another county.

Where such appointment of a general guardian is made by the surrogate, the question of *residence* can be reviewed only on *appeal;* although this court has the power to remove a guardian summarily, on application by petition, for good cause shown—such as the appointment of a person unfit for the office, &c., &c.

The legislature has made no provision for *costs* in *special proceedings* under the Code. (§ 3.) Therefore, in an original application to the court, which comes under the head of special proceedings, *motion costs* only can be allowed.

*Monroe Special Term, May,* 1856.

This was an application to remove a general guardian, appointed by the surrogate of Westchester county, of the infant, Hannah M. Pierce, aged twelve years.

The father of the infant resided, in his lifetime, in Westchester county, where he died in 1845, leaving a widow and this infant. Shortly after the decease of her husband, Mrs. Pierce removed to Monroe county with her child, where her parents resided, and continued to reside with her parents until 1850, when she died at her father's house, leaving the infant there, having made a will, by which she bequeathed all her estate, amounting to $3,500 and upwards, to the said infant, and appointed one of her brothers executor and trustee of the estate, and another, guardian of Hannah M., all residents of Monroe. The will was duly admitted to probate by the surrogate of Monroe, and Hannah remained with her friends in this county till about two years ago, when, on the invitation of a sister of.

·In the matter of Hannah M. Pierce.

her father, the wife of the respondent, she went to Westchester to make a visit, and has since remained there.

In December last, the respondent presented a petition to the surrogate of Westchester in the usual form, stating that Hannah M. was a resident of that county, and procured himself to be appointed her general guardian.

The application to this court is now made by petition by the grandmother of Hannah M., for this court to appoint her son—named as guardian in the will of Mrs. Pierce, guardian of Hannah, and for the removal of the respondent.

FARRAR & DURAND, *for petitioner.*
E. WELLS, *for respondent.*

E. DARWIN SMITH, Justice. The mother of an infant child not being authorized by law to dispose of the custody and tuition of such child during its minority, (§ 1, *Title* 1, *Chap.* 8, *of Rev. Stat. p.* 150,) the appointment by Mrs. Pierce of her brother, Ambrose Cox, testamentary guardian is of course void; but as an expression of her wishes, at the time of her decease, in respect to her infant daughter, is entitled to respect, and ought to control the question of guardianship of the infant in all courts, unless good reason exists to the contrary, occurring since her decease. And a provision of law which allows, as in this case, of the appointment of a general guardian, of an infant, without notice to the relations, who would be interested in feeling, if not otherwise, to prevent the evidence of such maternal wishes, and such other considerations as might arise from respect to the source of the property of the infant, and a regard for her education, and the influences by which, in her immature years, she should be surrounded, is most obviously too unguarded, and greatly liable to abuse.

In this case a petition, in due form, was presented to the surrogate of Westchester county, stating that the infant was a resident of that county, and asking for the appointment of this respondent as her general guardian. Jurisdiction was thus acquired by the surrogate who has a concurrent power with this

court in the appointment of guardians of the estates and persons of infants; and his appointment is consequently valid, subject, however, to an appeal to this court.   The residence of the infant was primarily that of her father, who lived and died in Westchester county, but it was doubtless changed by the removal of her mother with the infant child, and taking up her residence and remaining in Monroe till her death.

The statement in the petition that the residence of the infant was in Westchester county, was, therefore, a mistake in point of law, so far as relates to legal residence or *domicil*, but so far as actual residence for the time being is concerned, was true in fact; and this was probably all the residence requisite to give the surrogate jurisdiction under the statute.

The respondent, therefore, I must consider duly appointed guardian; and if the petitioner, or the maternal friends of the infant desire to review that question, they must appeal from the surrogate's decision in making the appointment, or apply to him to revoke it, and then appeal if he refuse to do so.

The respondent, by such appointment, becomes an officer of this court; and I have no doubt of the power of this court to remove him summarily, upon petition for proper cause; and I should have no hesitation to do so, if satisfied that he was an unfit person for such guardian, and his appointment was procured by false suggestions and fraudulent suppression of facts, without putting the petitioner to an appeal. (*See Disbrow* agt. *Henshaw*, 8 *Cow.* 349.)   But, upon the whole merits, I think the respondent's appointment proper, and such as this court would have been likely to have made, if the facts are truly presented in the papers before me.   The whole merits of the application, in point of fact, is completely negatived.   It appears that the infant is in proper hands, where her deceased father desired her to be brought up, and where the mother, for much of the time before her death, preferred to have her remain, and where her brother and the trustee of her will has deemed it best for the child to be.   And it also appears that said trustee advised the respondent to apply to be appointed guardian, and that such application was made at his instance.

Under these circumstances, I do not think the appointment improper, and therefore must deny the application to remove the respondent, with costs.

This is an original application to this court, and comes within the description of a *special proceeding*, under § 3 of the Code. But the legislature has made no provision for costs in special proceedings as such, and I can therefore only give motion costs.

The application is denied, with $10 costs.