---

## W. R. BELL, *Ex parte.*

### April Term, 1875.

TESTAMENTARY GUARDIAN CANNOT BE APPOINTED BY A MOTHER.—A mother has no power to appoint a testamentary guardian for her children.

*Neil S. Brown,* for petitioner.

THE CHANCELLOR:—The petitioner's wife died on the 6th of July, 1873, having made a will, since duly proved and recorded, by which she devised her property to her children, and appointed the petitioner executor and testamentary guardian of the children, expressly authorizing him "to exercise all the duties of both without giving security." The petitioner asks that he be allowed, under this appointment, to receive the proceeds of some of the lands thus devised, sold by the orders of this court.

The power to appoint a testamentary guardian did not exist at common law. 2 Kent. 225. It was given to the father by 12 Car. 2, ch. 24, § 8, and was again limited to the father by the North Carolina act of 1762, ch. 5, § 2. *Williamson* v. *Jordan,* Busb. Eq. 46, brought into the Code in § 2492. Under the English statute, under our statute, and under similar statutes of other states, the power of appointment is given only to the father. 3 Redf. on Wills, 439, note. It has been held not to apply to the grandfather. *Fullerton* v. *Jackson,* 5 Johns. Ch. 278; *Hoyt* v. *Hilton,* 2 Edw. Ch. 202. Nor to the mother. *Ex parte* Edwards, 3 Atk. 519; *Matter of Pierce,* 12 How. Pr. 532. The petitioner's application cannot be entertained.