WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
May, 1877.

MATTER OF FITCH.

*In the matter of the guardianship of* FRANK FITCH, *a minor.*

Letters of guardianship will not be issued to a foreign guardian of a non-resident infant, with a view to the removal of the latter's property from the state, except upon the application of such foreign guardian himself, and unless it appears that he has given a bond in the state of his appointment, and that the removal of the ward's property out of this state will not conflict with the ward's ownership.

It is not sufficient in such a case that a foreign guardian had entered into a mere *covenant,* with sureties, for the faithful performance of his trust. He must have given a *bond.*

APPLICATION made by the father of the minor for the appointment of A. W. Hamilton as guardian, in order to enable him to obtain certain property of the minor within this county.

On the papers submitted it appeared that the minor was a resident of the State of Kentucky, by the proper court of which state A. W. Hamilton, also a resident of that state, was appointed his guardian.

THE SURROGATE. — By chap. 59 of the Laws of 1870, as amended by chap. 442 of the Laws of 1875, it is provided that where any guardian and his ward are both residents of any other state or territory, and the ward is entitled to property in this state, such guardian, on proving to the Surrogate's Court, or other court of competent jurisdiction, of the county in which such property, or the principal part thereof, is situated, a full and complete transcript from the records of a court of competent jurisdiction in the state or territory in which he and his ward reside, duly exemplified or authenticated, showing that he has been appointed guardian of such ward, and that he has given a *bond* and security in the state or territory in which he and his ward reside in double the value of the property of such ward, and also showing to such court that a removal of the property will not conflict with the ward's ownership of the same, the transcript may be recorded and the guardian receive letters of administration of the. estate of such minor, which shall entitle him to recover and receive such property and remove it to the state of the residence of himself and ward.

Prior to these statutes, the only mode by which a guardian who, with his ward, were non-residents could obtain property in this state which belonged to the minor was by an application to the Chancellor, — now, the Supreme Court — as I had occasion to remark in the Matter of Hosford (2 *Redf.*, 168).

Now, however, it may be obtained and removed from the state by a compliance with the requirements of the act referred to above.

In this matter, the exemplified records of the Kentucky court, produced to me to show the proper appointment of the guardian in that state, fail to prove that the guardian gave a *bond*. The instrument required to be given there to secure the faithful discharge of the duties of guardian reads substantially as follows : " Whereas I, A. W. Hamilton, have been appointed guardian of Frank Fitch, a minor over fourteen years, Now, we, A. W. Hamilton, guardian, and C. D. and E. F., sureties, do hereby covenant that said A. W. Hamilton shall well and faithfully perform his duties as such guardian, and render an account of his proceeding to the proper court, when thereunto required," etc. No penal or other sum is named and no seals are affixed to the instrument. It is not a *bond*, but simply a *covenant*. The word *bond* has with us a definite legal signification. It has a clause, with a sum fixed as a penalty, binding the parties to pay the same, conditioned, however, that the payment of the penalty may be avoided by the performance by some one or more of the parties of certain acts.

This court derives all its powers, in a case like the present, from the act in question, and cannot disregard or enlarge its provisions.

In the case of Homan *v.* Brinckerhoff (1 *Den.*, 184), it was held that where it was one of the prerequisites to the issuing of an attachment by a justice of the peace he should take a bond from the party applying for it, the statute was not complied with by taking a

covenant, and that the justice acted without obtaining jurisdiction.

The statute also requires that it must be made to appear that the title of the minor to the property will not be affected by its removal from this jurisdiction. Precisely how that is to be done is not so clear, but probably it should be averred in a proper petition, presented by or on behalf of the guardian. The papers submitted do not in any way attempt to show this fact.

Another difficulty encountered here is that the guardian himself presents no application. He is in the State of Kentucky, and fails to forward, as he might well do, a verified and properly authenticated application.

The Legislature, in adopting the act under consideration, doubtless supposed that every state and territory required a guardian to give a *bond*, and it escaped its attention that some of them exacted a simple covenant. Otherwise, the law would probably have been so framed as to meet the exigency.

While I regret that this court cannot lawfully grant the application, I am satisfied that the Supreme Court possesses ample power, and that, therefore, the nonresident guardian is not remediless.

Application refused.