KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
September, 1881.

## STEINELE *v.* OECHSLER.

*In the matter of the estate of* JOSEPH OECHSLER, *deceased.*

Where a legatee applies to the Surrogate's court for payment of the legacy, an answer by the representative "that the petitioner's legacy is not yet payable by the terms of the will," does not raise such an issue as requires the petition to be dismissed under Code Civ. Pro., § 2718. It raises no issue of fact, but only a question of the construction of the will.

The Surrogate's court, although without general jurisdiction of the construction of wills, has the right to construe a will so far as necessary for the distribution of the estate.

The testator, by his will, gave to his wife one-half of his property, real and personal, absolutely, and the other half to her for life, with power to sell. He then gave a legacy of $2,000 to an infant, to be paid to him at his majority; and, in case of his death during infancy, the same was given to the testator's brothers and his sister, the petitioner. The infant legatee died before the testator. Upon an application by the sister, during the widow's life-time, to compel payment of the legacy, *Held*, that, upon testator's death, the legacy vested in his brothers and sister; but that the intent of testator was that the legacy should not be paid until after the death of his widow; that the petition was, therefore, premature, and should be dismissed.

It is a cardinal rule of construction that effect must be given, if possible, to every part of a will.

Heard *v.* Case, 23 *How. Pr.*, 546,—followed.

Bevan *v.* Cooper, 72 *N. Y.*, 317,—explained.

APPLICATION by Elizabeth Steinele, for the payment of a legacy; opposed by Margaret Oechsler, the executrix.

The facts appear sufficiently in the opinion.

DORLAND & HESS, *for legatee.*

DANIEL B. AMES, *for executrix.*

THE SURROGATE.—The executrix does not deny any of the facts on which the petitioner's claim rests, but she simply says that the petitioner's legacy is not yet payable by the terms of the will. This does not raise such an issue as requires the petition to be dismissed under section 2718 of the Code. No issue of fact is raised; it is not even denied that the petitioner has a valid claim against the estate; it is only the time of its payment which is disputed; it is purely a question as to the construction of the testator's will, which it is clearly within this court's jurisdiction to decide, because it becomes necessary to do so in the exercise of the powers expressly conferred by statute.

Thus, on the settlement of an executor's account, the Surrogate's court is to distribute the balance remaining in the executor's hands, and this necessarily carries with it the right to construe the will, so·far as it bears upon the distribution of the estate (Cushman *v.* Horton, 59 *N. Y.*, 149; Teed *v.* Morton, 60 *Id.*, 502; Gill *v.* Brouwer, 37 *Id.*, 549; McNulty *v.* Hurd, 72 *Id.*, 518, 521).

So, in the principal case, power is expressly given to this court to enforce the payment of legacies, and that necessarily confers upon it jurisdiction to look into the will to ascertain when the legacy is payable, and to decide accordingly (Hoyt *v.* Hilton, 2 *Edw. Ch.*, 202). The case of Bevan *v.* Cooper (72 *N. Y.*, 317), does not militate against these views. In that case, it was not at all necessary for the Surrogate to decide whether the legacies were a charge upon the testator's real estate, in order to settle the account of the executor, and the court, in holding that the Surrogate had no jurisdiction to pass upon that question, only decided that this court has no

jurisdiction to construe any provision in a will which it is not necessary to interpret, in order to enable the court to carry out the powers expressly conferred upon it; in other words, that the Surrogate's court has no general jurisdiction to construe wills.

This brings us to a consideration of the question, whether the legacy given to the petitioner is payable before the death of the testator's widow, who is also his sole executrix.

The testator first gives his wife certain personal property, such as prints, books, plate, etc. He then gives to her, absolutely, one-half of the remainder of his property, real and personal, and further gives her the other half to use and enjoy during life, with power to sell.

He gives to Joseph Herman Werjes a legacy of $2,000, to be paid to him when he shall have arrived at the age of twenty-one years, and, in case he should not have arrived at that age at the decease of the testator's wife, the amount of the legacy is to be placed in some responsible savings institution, to be paid to him as aforesaid, and, in case of his death before twenty-one, the legacy is given to the testator's two brothers, and to his sister, who makes this application, to be divided among them, share and share alike. All the rest, residue and remainder of the estate, real and personal, is given and devised to the testator's said two brothers and sister, in equal shares. The testator appoints his wife sole executrix, and, after her death, his two brothers and his sister above mentioned, executors of his will.

Joseph Herman Werjes died before the testator, aged nine years. The legacy, therefore, upon the death of the testator, became vested in the testator's two brothers

and his sister (Downing *v.* Marshall, 23 *N. Y.*, 366) ; and if there was nothing in the will showing a contrary intention, it would be payable after the expiration of one year from the granting of the letters testamentary (2 *R. S.*, 91, § 45). But in giving to his widow one-half of the residue of his estate, absolutely, and the other half to be used and enjoyed by her during her life, the testator clearly manifested his intention that the legacy given to his brothers and sister should not be paid until after the death of his wife. It is the only construction that will not violate that cardinal rule, that effect must be given, if possible, to every part of the will. To hold that the legacy is payable before the death of the widow would be in disregard of those provisions which secure to her the whole estate during her life. In Burdett *v.* Young (5 *Bro. P. C.*, 54), after a general gift of all the estate to the wife for life, there was a legacy to a grandson and granddaughter when they attain the age of twenty-one ; the House of Lords, reversing the Lord Chancellor, held that the legacy was not payable until the expiration of the life estate.

In Heard *v.* Case (23 *How. Pr.*, 546, 551), the testator gave to his widow the use, occupation, and income of all his estate during her natural life, and also gave to the widow of a deceased son $250, for which no time of payment was set, and it was held that the legacy was not payable until the determination of the life estate of the testator's widow.

The petitioner's application is premature ; her legacy is not yet payable, and her petition must be dismissed.

Ordered accordingly.