NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1885.

WEST *v.* GUNTHER.

*In the matter of the estate of* MARY E. GUNTHER, *deceased.*

A foreign general guardian is not entitled to recognition by the courts of this State. He should apply for ancillary letters, under Code Civ. Pro., § 2838.

PETITION of William C. West, as the general guardian of the property of George H. Buckner, an infant eleven years of age, and legatee under decedent's will, to compel Francis F. Gunther, executor thereof, to pay to petitioner the legacy bequeathed to the infant.

COURSEN & COURSEN, *for executor.*

SCOTT LORD, Jr., *for petitioner.*

THE SURROGATE.—By the will of this testatrix, a legacy was bequeathed to George H. Buckner, an infant. I am asked to direct that such legacy be paid to William C. West, who holds letters of guardianship issued by the probate court of Monroe county, in the state of Michigan. This application must be denied. The power of a guardian is derived from the court that appoints him, and the fact that one has received such appointment from a foreign jurisdiction does not entitle him to recognition in the courts of New York (Morrell v. Dickey, 1 *Johns. Ch.,* 153; Williams v. Storrs, 6 *Johns. Ch.,* 353; Ex parte Dawson, 3 *Bradf.,* 130; McLoskey v. Reid, 4 *Bradf.,* 334; Matter of Neally, 26 *How. Pr.,* 402; Biolley's Estate, 1 *Tucker,* 422; Matter of Hosford, 2 *Redf.,* 168; Trimble v. Dzieduzyiki, 57 *How. Pr.,* 208; Weller v. Suggett, 3 *Redf.,* 249). Section 2838 of the Code of Civil Procedure provides for the issuance of ancillary letters, in case infants who reside in the United States, but without the State of New York, are entitled to property within the State. Such proceedings should be instituted as that section points out.