NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1886.

## MATTER OF LICHTENSTADTER.

*In the matter of the estate of* SOPHIA LICHTENSTAD-
TER, *deceased.*

The will of decedent, which bequeathed a share of her residuary estate to
two of the infant children of her son, provided : " And I hereby ap-
point my said son, S., guardian of the said estate of his said children ;"
and authorized S. to expend principal and income in the care, educa-
tion and maintenance of the infants. Upon an application by S., to
compel payment to him, by the executor, of the share bequeathed to
his children,—

*Held,* that the attempt to create a guardian, though abortive as such, in
effect constituted petitioner a trustee of the property bequeathed, and
that the same might be turned over to him, without his obtaining let-
ters of guardianship.

PETITION by Solomon Lichtenstadter, for decree di-
recting payment to him, by executor, of legacies be-
queathed to his children by the will of decedent.

SIMON STEINFELDER, *and* GEORGE F. MURRAY, *for petitioner.*

THE SURROGATE.—By the seventh clause of her will,
this testatrix bequeathed a certain share of her resid-
uary estate to her grandchildren Rosalie and Sarah,
infants, the children of her son Solomon.

" And I hereby appoint my said son Solomon," the
will says, " guardian of the said estate of his said chil-
dren : . . . . . said Solomon is not to be required to
give any bond or security in the matter of said guar-

dianship, and he is hereby authorized to expend such portion of the principal, interest, income, rents, issues or profits of their said estate, in the care, education and maintenance of said children as to him may seem advisable."

A legacy bequeathed directly to an infant must, if it exceeds $50 in value, be paid to its general guardian, and such guardian, before he can claim the legacy, must (except in a case where, in pursuance of § 2746 of the Code of Civil Procedure, the Surrogate has relieved him) furnish the bond required by that section (see amendment, L. 1886, ch. 358; and McLoskey v. Reid, 4 *Bradf.*, 334; Rieck v. Fish, 1 *Dem.*, 79; Matter of Moody, 2 *id.*, 624; Toler v. Landon, 3 *id.*, 337).

Now the infants, in behalf of whom this application is made, have no general guardian. The testatrix has attempted, by her will to constitute their father the guardian of their estates. This she was unable to do in law. The power of appointing the guardian of an infant can only be exercised by the courts having authority in such cases, or by the infant's father or mother (Fullerton v. Jackson, 5 *Johns. Ch.*, 278; Hoyt v. Hilton, 2 *Edw. Ch.*, 202; R. S., part 2, ch. 8, tit. 3, § 1; 3 Banks, 7th ed., 2346).

I am disposed, however, to think that the provision above quoted from the will, though abortive as an appointment of a guardian, has in effect made this petitioner a trustee of the property bequeathed to his children; and that that property may properly be turned over to him without his obtaining letters of guardianship. But in view of the fact that less than a year has elapsed since the executor received his let-

ters testamentary, he cannot be directed to pay the legacies in question except upon the filing of a bond as prescribed in such cases by § 2719 of the Code of Civil Procedure.