1821.

FULLERTON
v.
JACKSON.

FULLERTON, an infant, &c. *against* JACKSON and others, *executors*, &c.

A *grandfather* has no right, under the statute, by his will, to appoint a guardian to his grandchild. But if he devises land to his grandchild, and directs the rents and profits thereof to be applied by his *executors* to the education of such grandchild, during his minority, the executors, not the guardian appointed by the surrogate, are entitled to apply the *rents* and *profits*, according to the direction of the will.

The Court will not, therefore, direct the executors, on a bill filed by the infant and his guardian, to pay over the rents and profits to the guardian, but leave them in the hands of the executors, until the infant comes of age.

*June* 13th.

BILL for an account of the rents and profits of two acres of land, devised to the infant by his grandfather, with directions in the will, that " the rents and profits be appropriated, with such other moneys as may be thought necessary by my executors, for the expense of his education, until he arrives to the age of sixteen years ; and then to be at the election of my executors whether to give him education to get a living, or learn him a useful trade; and when he arrives to the age of twenty-one years, I do also order that he shall be put into the possession of the above lot, and be paid 200 dollars," &c. The will, in a subsequent part, added, " that my wearing clothes be applied in the most prudent manner to the expense of my grandson *William*, in clothing him ; and that my executors be his guardian, and direct his bringing up and education, as in their judgments shall appear proper." The bill prayed, that the executors account for the rents and profits of the two acres, being 40 dollars a year.

The defendants admitted the receipt of the rents and profits for three years, at 40 dollars a year, and that they were ready to apply the same, as might be directed, for

his education; but they insisted that they are entitled, by the will, to appropriate the same towards his education, and not to pay over the whole to the guardian appointed by the surrogate, and who claimed it.

1821.

FULLERTON
v.
JACKSON.

*Chattle,* for the plaintiff.

*Case,* contra.

THE CHANCELLOR. A grandfather has no right, under the statute, to appoint, by will, a guardian to his grandchild; but, as Lord *Hardwicke* observed, in *Blake* v. *Leigh,* (*Amb.* 306.) he may give his estate on what conditions he pleases. There are instances where a grandfather has given his estate to his grandchild, and appointed guardians of his estate and person; and if the father did not submit to the will, the Court has made the father's opposition work a forfeiture of the son's estate.

In the present case, the testator intended that the rents and profits of the land devised during the minority of the grandson, should be appropriated by the executors towards his education. He had a right to annex that condition to the gift; and I do not see that I am required by any principle to call those rents and profits out of the hands of the executors, and place them under the discretion of the guardian. The defendants have no control of the infant, but those rents and profits must be left to their control; and if the guardian will not allow them to appropriate the same in such manner as they shall deem best towards the education of the infant, he must be educated with other resources; and the defendants will be responsible to the infant, when he comes of age, for those rents and profits, with interest thereon.

Bill dismissed without costs.