CHARLES BRIGHAM & another, Executors *vs.* WILLIAM H
WHEELER & another.

A testator, by his will, gave real and personal property to the children ot nis nephew,
and their heirs and assigns forever, and appointed their father to be their guardian,
without giving bonds, " for the purpose of receiving and managing said property so
given." *Held,* that said appointment of a guardian was void, for want of authority
in the testator ; and that the will could not be so construed as to vest an estate in
trust in the father of the children.

APPEAL from a decree of the judge of probate.

The parties submitted the case to the court upon the follow-
ing facts : Jonathan Wheeler, of Grafton, by his last will,
(which was duly proved and allowed,) after disposing of part
of his property, made this provision ; to wit, " the residue
and remainder of my estate I order divided into two equal
shares, and give and devise the same as follows, viz. one share
or half to the child or children, now born or hereafter to be
born, of my niece, Hannah A. Mills, (wife of Lewis Mills,)
their heirs and assigns forever ; and the other share or half to
the children, now born or hereafter to be born, of my nephew,
Jonathan D. Wheeler, their heirs and assigns forever. And I
hereby appoint the said Lewis Mills, and the said Jonathan
D. Wheeler, to be guardians of their respective children, with-
out giving bonds, for the purpose of receiving and managing
said property, so given to their respective children."

Said " residue and remainder " consisted of real and per-
sonal property, and money. The executors of said will (the
appellants) presented to the judge of probate the first account
of their administration, and therein charged the sum of $500,
paid to Jonathan D. Wheeler, as guardian or trustee of his
minor children, under said will. The judge appointed for said
children a guardian *ad litem,* to appear in their behalf, and, after
a hearing, disallowed said charge. The executors thereupon
appealed to this court.

It was agreed by the parties, that if said executors could
.awfully pay said money to said Jonathan D. Wheeler, and if
his receipt therefor would be a good discharge to them for said

sum, the decree of the judge, disallowing said charge, should be reversed ; otherwise, that it should be affirmed.

*Newton & C. Allen,* for the appellants. Though the testator had no power to appoint a testamentary guardian for the children of others, yet he had power to appoint a *trustee.* This was his main purpose, which can and ought to be carried into effect, by regarding as *trustees* the persons whom he named as guardians. 8 Petersd. Ab. 240. *Finlay* v. *King,* 3 Pet. 346. *Bartlet* v. *King,* 12 Mass. 537. 2 Story on Eq. §§ 980, 981. 1 Mad. Ch. Pract. (2d ed.) 553 – 555. Rev. Sts. *c.* 69, § 2.

*Bacon, contra.* The intention of the testator was to appoint guardians, and that the property should go into their hands, as guardians, and not as trustees. His words are to be presumed to have been used in their strict and primary sense, if such sense be applicable to the existing facts. Wigram on Extrinsic Evidence, 17.

If there is a trust in this case, it is a trust forever, no limitation being expressed. Whereas a guardianship would have terminated on the wards' coming of age. Guardians have a mere naked power, but trustees have the legal estate. See 1 Hilliard's Ab. 214, and cases there cited. The intention of the testator would therefore be defeated, by giving the word " guardians " the meaning of trustees. The provision in the will, as to guardians, must be held void, because the testator had no authority to appoint them, (Rev. Sts. *c.* 79, § 6,) and because there cannot be any *cy pres* execution of that provision.

WILDE, J. The main question in this case is, whether Jonathan D. Wheeler took any estate or interest under the last will of Jonathan Wheeler ; and it appears to the court very clear that he did not. The testator undertook to appoint him guardian of his own children, without giving bonds, for the purpose of receiving and managing the property given to them by the will. This appointment the testator had no authority to make. He could only appoint a guardian for his own children. Rev. Sts. *c.* 79, § 6. The appointment, therefore, is wholly void.

It has been argued that, to effectuate the intention of the testator, the will may be so construed as to vest an estate in

trust in Jonathan D. Wheeler, for the use of his children.    But the language of the will is plain, and will admit of no such construction.

The disallowance, therefore, to the executors, of the charge of $500 paid to Jonathan D. Wheeler, as guardian or trustee of his minor children, by the judge of probate, must be affirmed.