(5 Misc. Rep. 272.)

### In re ZWICKERT et al.

(Surrogate's Court, New York County. October 25, 1893.)

GUARDIAN AND WARD—RIGHT OF PARENTS TO APPOINT GUARDIAN.

> Under Laws 1893, c. 175, providing that, on the death of either father or mother, the surviving parent may, by deed or will, dispose of the "custody and tuition" of an infant child, the father of a child, who dies before the mother, cannot, by will, appoint a guardian of such child's estate, as the phrase "custody and tuition" includes the estate.

Application for the appointment of a guardian of Elizabeth Zwickert and Herman Zwickert, infants. Denied.

Ullo, Ruebsamen & Cochran, for petitioner.

RANSOM, S.    Chapter 175 of the Laws of 1893 amends section 1, tit. 3, c. 8, pt. 2, of the Revised Statutes, by substituting, with another provision not now necessary to consider, the following:

"Upon the death of either father or mother, the surviving parent, whether of full age or a minor, of a child likely to be born or of any living child under the age of twenty-one years and unmarried, may by deed or last will, duly executed, dispose of the custody and tuition of such child during its minority, or for any less time to any person or persons."

A testator who died since the passage of the chapter mentioned has attempted by his last will and testament, which has been duly admitted to probate, to appoint their mother the guardian of the estate of his children.    His authority to make the appointment is insisted upon because of the omission of any reference in the provision quoted to the rights of disposition of the minor's estate.    Such reference is wholly unnecessary, as the language "custody and tuition," used by the statute, includes guardianship of the estate as well as of the person, and the provisions referred to were unquestionably intended to embrace both.    Sections 2, 3, 20, 21, tit. 3, c. 8, pt. 2, Rev. St.; Corrigan v. Kiernan, 1 Bradf. (Sur.) 209, 210; Hagerty v. Hagerty, 9 Hun, 177, 178.    Application must be denied.