GUARDIAN AND WARD—TESTAMENTARY GUARDIANS—VALIDITY OF APPOINTMENT.

> Testator appointed by his will two persons as guardians of the persons of his infant children, and three others to be joint guardians of their estates, and provided that the funds belonging to each of the children should be paid out by the appointees jointly as such guardians. Held, under Code Civ. Proc. §§ 2822, 2827, that the power to nominate different individuals in the two capacities for the control of the estate and the person was vested only in the surrogate's court, and that, while the mother's rights of guardianship, so far as the management of the infants' property was concerned, could have been taken away and placed by testator in trustees, on his failure so to do the court could not construe the will to create a trust; the language expressly excluding any such intent.

In the matter of the estate of Edwin L. Burdick. Proceedings for judicial construction of will. Decree rendered.

Robert W. Pomeroy, for executors.
Hartzell & Hartzell, for Alice Hull Burdick, guardian.
Carol Burdick, and Alice H. Burdick, infants.

MARCUS, S.   The last will and testament of Edwin L. Burdick, deceased, with the exception of the fourth paragraph thereof, was admitted to probate in this court.   Objections were filed by the widow, Alice Hull Burdick, and also by the infant children, through their special guardian, to the fourth paragraph of said will, which attempted to nominate guardians of the persons and estates of the three infant children, and the court is asked to construe that part of the will, which reads as follows:

"Fourth. I nominate and appoint Charles S. Parke and Riselay Tucker to be the guardians of the persons of my three children, and August B. Kellogg. George H. Dunston, and George C. Miller to be joint guardians of the estates of each of my three children, and I direct that all funds and securities belonging to each of my children shall be received, held, and paid out by them jointly as such guardians."

This court has already held in this case upon the question of guardianship that both the custody and tuition—that is, the management and the control—of both the person and estate of an infant is by law vested in the surviving parent, and will not be taken away, except by the most controlling and preponderating evidence of unfitness.   Application having been made by the mother of these infants for her appointment as guardian, the same, having been opposed, resulted in letters being granted to her.

There was no right at common law for the appointment of a testamentary guardian by the parent.   The same is entirely regulated by statute.   Without reciting all the statutory enactments since the year 1887, when the provisions of the English statute were embodied in our laws, it will always be found that "custody and tuition" is the language used in the different acts.   Our first statutory enactment followed the English statute of 12 Car. II, c. 24, § 8, which authorizes the father "to dispose of the custody and tuition."   The use of these words is historical and of legal significance.   "Custody and tuition" have more than ordinary signification, for they include, not only the person, but the care and management of the personal estate, and also the profits of the real estate of the minor; that is, the guardianship of the person includes the guardianship of the estate.   Blackstone says:

"The guardian with us performs the office both of tutor and curator of the Roman law, the former of which had charge of the education and maintenance of the minor, the latter the care of his fortune; or, according to the language of the court of chancery, the tutor was the committee of the person, the curator the committee of the estate.   But these offices were frequently united in the civil law.   With us it is always united in the law with regard to minors, though as to lunatics and idiots it is commonly kept distinct."   1 Blackst. Comm. c. 17.

The attempted appointment by the testator of guardians, both as to the person and the estate of the infant children, was invalid and without authority in law (Matter of Zwickert [Sur.] 26 N. Y. Supp. 773; Hagerty v. Hagerty, 9 Hun, 175; Matter of Schmidt, 77 Hun, 201, 28 N. Y. Supp. 350; Matter of Alexandre, 35 N. Y. Supp. 658); and therefore appointments of guardians by sections 2822 and 2827 of the Code of Civil Procedure control.   Though the Code likewise provides that the surrogate may vest guardianship of the person and

estate of a minor in separate persons, there is no power to do so residing in the surviving parent. In other words, the power to nominate different individuals in the two capacities for the control of the estate and the person resides alone in the court.

The contention is now made that it was obviously the intention of the testator to confer upon the parties named as executors, who are the persons named in the fourth paragraph of the will as "joint guardians of the estate of each of my three children," a trust power of management, the estate vesting in the meantime in the children; that a testator's intention as to the management of his estate, if not inconsistent with the law, will be carried out as faithfully by the court as his intention in regard to the disposition of his property; the canons of construction and rules of interpretation being applicable to both, that a trust is established by the context of the will. It is further submitted for construction that the whole context of the will fairly imports an intention on the part of the testator to create a trust for the management of the estates of the infants, notwithstanding the invalidity of the attempted appointment of guardians, and also notwithstanding the use of the words chosen by the testator to express such intention.

While it is true that no technical terms are necessary in order to express or establish a trust, it is also true that there must be some language indicating at least an intention on the part of the testator to form or create a trust. Further, three elements must concur to make a valid trust: Sufficient words to raise it; a certain trust; a definite object. The intention of the language must bring into existence two estates: A legal estate, passing to the trustee; an equitable estate, to the cestui que trust. An endeavor to spell into the will "the testator's intention" seems very strained, when it is urged that the appointment of guardians really meant trustees. There is no intention expressed to create a trust, and the language of the will expressly excludes such an intention; and this conclusion is strengthened by the fact that the disposing clause of the will passes the entire estate directly to the children, without the intervention of trustees or any person under any official title.

The testator could have subverted the mother's rights of guardianship, in so far as the management of the infants' property is concerned, by denominating a trust, and appointing trustees to carry it into effect. That he did not do it, or even attempt to accomplish it, cannot now be remedied by a construction so drastic as is now contended for. The rights of the mother as the gaurdian cannot be invaded and set aside by the court in an endeavor to declare what the testator himself failed to declare. If some property right were in danger, where the testator's intention was clear, the court possibly could effect a disposition of the property, when not in violation of the absolute rights of others or a principle of law.

A case in point is reported in 49 Mass. 127; the facts being as follows: A testator by his will gave his real and personal property to the children of his nephew and their heirs and assigns, forever, and appointed their father to be their guardian, without bonds, for

the purpose of receiving and managing said property so given. It was conceded that the attempt to appoint a guardian was void under the statute and without authority in law, and in an endeavor on the part of the appointee to have the court declare him a trustee to carry out the testator's intention to receive and manage the estate the court declined to do so, and held that, the appointment of the guardian being void, the whole thereof was invalid, and that such intention, if it existed, could not be recognized by the court, but that it was merely an attempt on the part of the testator to do something that was not authorized by law; and the court held, further, that the appointee could not take the estate as the trustee, since the intention of the testator was plain, that he wished him to take in his capacity as guardian, and, that being void, he did not take at all.  Brigham v. Wheeler, 49 Mass. 127.

The cases cited by the proponents upon this trust question, or power in trust, have to do entirely with the disposition of property and where the property rights were in danger, in view of the testator's failure to effect his intention by the language used.  In the cases cited, where the entire scheme of the testator would fail as to the disposition of his property, were it not for the intervention of the court, the court took upon itself a construction resulting in a trust for the purpose of effecting the testator's intention, where the same did not violate any of the absolute rights of other parties or any principle of law.  But no authority has been cited where, for the purposes of management of the estate, such rule has ever been invoked.  Executors are in a certain sense trustees, in that they manage the property of others; but in this case they are not trustees in the sense in which that word is used by courts and lawyers and recognized by the law and contended for here.  The powers of management conferred by the will are, to the court's mind, purely powers and duties conferred upon them in an executorial capacity.

A decree may be submitted in accordance with the foregoing. Decreed accordingly.