Matter of the Petition of PETER N. WOHLERS and LOUIS WEBER, to Render and Settle Their Accounts as Executors of and under the Last Will and Testament of IDA M. KOPF, Deceased.

(Surrogate's Court, Kings County, January, 1917.)

Wills — legacy — guardians — executors and administrators — testamentary guardians — trusts.

The principal of a legacy to testator's son was payable on his reaching thirty years of age, with direction that in the meantime the income be paid to him every·six months. A like legacy to testator's granddaughter provided that it and the interest thereon should be paid to her when she was eighteen years of age and each of them was given one-third of the residuary estate with direction that "such one-third share of the principal and interest shall be payable" to .the son "when he reaches the age of twenty-five years," and the other one-third shall be payable to the granddaughter "when she reaches the age of twenty-five years of age." The will then attempted the appointment of two persons named "to be guardians of the property of my son and my granddaughter * * * until they shall reach the respective ages" and in a separate paragraph the same persons were appointed executors of the will. Upon the judicial settlement of the accounts of the executors, *held*, that while the appointment of guardian for the son was valid as to his interest under the will, it was effectual only during his minority.

That while neither as to the son beyond his minority, nor as to the granddaughter for any period, was the attempted appointment of any effect to produce a true testamentary guardianship, yet there was still the gift of a power over the legacies to both, which was measured and defined by the duties ordinarily incident to a testamentary guardianship.

That during the minority of the son his testamentary guardians were entitled to receive the semi-annual payments of interest upon the legacy to him as well as the personal chattels bequeathed to him, but in all other respects the persons indicated as guardians have only a power in trust to care for

any and all moneys or property which by the terms of the will shall become payable to the infants before the expiration of the time which the will set for the payment of the principal of the legacies.

The powers in trust contained in the will adhere to the donees personally, and not in any representative capacity, and should be exercised by them as incidental to their duties as executors, if occasion for the exhibition of such powers shall arise.

The executors should pay to themselves as guardians, upon proper security, the income of the legacy to the son during his minority and deliver to themselves the chattels bequeathed to him.

The executors should also hold the sums bequeathed to the son and granddaughter until payment of such sums or any part thereof shall become due and upon the happening of such event any party in interest may apply upon the foot of the decree to be entered thereon for further direction.

PROCEEDINGS by executors to render and settle their accounts.

Lester Harrison, for executors.

William J. Mahon, special guardian.

KETCHAM, S.   The will contains a gift to a son of $6,000, with a demonstrated source of payment, and with the following provision: " Which principal sum shall be payable to him when he reaches the age of thirty years, and in the meantime, the income or interest upon the said principal sum shall be paid to my son each six months."

A like gift is made to a granddaughter, as to which it is provided that the " principal and interest shall be payable to her when she reaches the age of eighteen years."

Each of these legatees is given one-third of the residue of the testator's estate, with the direction that

'' such one-third share of the principal and interest shall be payable '' to the son '' when he reaches the age of Twenty-five years '' and the other one-third shall be payable to the granddaughter '' when she reaches the age of Twenty-five years.''

The will then attempts the appointment of two persons named '' to be Guardians of the property of my son and my granddaughter hereinbefore mentioned until they shall reach the respective ages,'' and in a separate paragraph the same persons are appointed executors of the will.

Doubtless, the appointment of guardians of the son is valid as to the interest which the son derives from the will, but, of course, is effectual only during the son's minority. Neither as to the son beyond his minority, nor as to the granddaughter for any period, is the attempted appointment of any effect to produce a true testamentary guardianship; but there is still the gift of a power over the legacies of both the son and the granddaughter, which power is measured and defined by the duties ordinarily incident to a testamentary guardianship. *Matter of Kellogg,* 187 N. Y. 355; *Matter of Scoville,* 72 Misc. Rep. 310; *Matter of Poock,* N. Y. L. J., June 2, 1915.

During the minority of the son it is apparent that his testamentary guardians are entitled to receive the semi-annual payments of interest upon the legacy of $6,000, as well as the personal chattels which are bequeathed to him.

In all other respects the persons indicated as guardians have only a power in trust to care for any and all moneys or property which by the terms of the will shall become payable to the infants before the expiration of the time which the instrument has set for the payment of the principal of the gifts. The powers in trust con-

tained in the will adhere to the donees personally, and not in any representative capacity, and they should be exercised by them as incidental to their duties as executors, if any occasion for the exhibition of such powers shall arise.

Questions of construction remain which are not necessary to the formulation of the decree in this accounting. It will suffice if the direction be that the executors pay to themselves as guardians, upon proper security, the income of the $6,000 legacy during the minority of the son, and deliver to themselves the bequeathed chattels; that they hold as executors the sums bequeathed to the son and granddaughter until under the terms of the will payment of such sums, or any part thereof, shall become due, and that upon such event any party may apply upon the foot of this decree for further direction.

Decreed accordingly.