Matter of the Judicial Settlement of the Account of JOSEPH BERNDT, as Executor of CHARLES BERNDT, Sometimes Known as KARL BERNDT, Deceased.

(Surrogate's Court, Bronx County, February, 1918.)

Accounting — executors and administrators — wills — trusts — guardians — who entitled to receive income,

> Upon the judicial settlement of the account of an executor it became necessary to construe a provision of the will set out in full in the opinion in which the testator attempted to appoint a guardian of an infant who was then surviving.

> *Held*, that the only question necessary to be determined upon the accounting was to whom the legacy mentioned in the said provision was to be distributed; that, as the infant's father was living, the attempted appointment of a guardian was ineffectual, yet the person nominated had a power in trust over the property which the infant received under the terms of the will with the same right as to its care, custody and control that a guardian would have during the minority of the infant; that the principal of the fund must remain in the hands of the executors until under the terms of the will payment of the principal could be made, and that in the meantime the person denominated guardian was entitled to receive the income.

PROCEEDINGS on the judicial settlement of the account of an executor.

Deyo & Bauerdorf, for executor.

Franz Neilson, for general guardian of Lillian Hansing.

SCHULZ, S.   Upon the judicial settlement of the account of an executor, it becomes necessary to construe the will of the decedent in order that a proper

decree of distribution may be entered. The provisions of the will concerning which a doubt has arisen are as follows:

" *Ninth.* I give and bequeath the Sum of Eight Thousand Dollar $8000.00 City Bonds to my Grandoughter Lillian Hansing Which she is to recive at the age of Twentyone years the interest derived from the $8000.00 to be used for her Support durin her Minority I appoint Mr. Charles R Bauerdorf her Guardian but in case of the Death of Lillian Hansing I, give devise and bequeth her Share to my Three Children Anna F. Berndt Rosino McCoy and Charles G. Berndt to be devided between them Share and Share alike."

The only question which it is necessary to determine upon this accounting is to whom the legacy above mentioned is to be distributed at this time. The other matter touched upon in the brief of the respondent, namely, whether the death of the infant referred to in the paragraph stated meant her demise before or after the death of the decedent, may never require consideration.

The infant's father is living — hence the attempted appointment of a guardian by the decedent was ineffectual for that purpose. Dom. Rel. Law, § 81, being Laws of 1909, chap. 19, and constituting Consolidated Laws, chap. XIV. But, while it was without effect in so far as the appointment of a guardian is concerned, the person nominated as guardian has a power in trust over the property which the infant receives under the terms of the will with the same right as to its care, custody and control which a guardian would have during the minority of the infant. *Matter of Kellogg,* 187 N. Y. 355; *Matter of Scoville,* 72 Misc. Rep. 310; *Matter of Poock,* N. Y. L. J. June 2, 1915.

Surrogate's Court, Bronx County, February, 1918.   [Vol. 102.

The only property of which the infant receives the present use and enjoyment is the interest on the sum of $8,000, which is to be used for her support during her minority. This interest a testamentary guardian, if legally appointed under the decedent's will, would be entitled to receive and expend for her as indicated. Hence, the person in this will denominated guardian is entitled to receive it and must exercise the same measure of control and has the same right of disposition which he would have if his nomination as guardian could be given effect. The principal sum will remain in the hands of the executors until, under the terms of the will, payment thereof can be made. *Matter of Wohlers,* 98 Misc. Rep. 500.

Decreed accordingly.