Matter of the Judicial Settlement of the Accounts of the Executor of the Last Will and Testament of SAMUEL BAUMANN, Deceased.

(Surrogate's Court, Bronx County, December, 1920.)

Wills — construction of — when appointment of a testamentary guardian not effective — trusts — infants — executors and administrators — accounting.

> An attempted appointment of a testamentary guardian of the persons of infants by their brother while their father is still living, is not effective.
>
> Where the intention of testator that the person nominated as such guardian should have control of property devised and bequeathed to infant sisters and a brother, is manifested by the appointment of the intended guardian as trustee without bond for said infants, with direction that the property to which they shall be entitled, whether real or personal, shall be received and invested by the trustee as she may deem best, the attempted trust fails and the property in question passes to those for whose benefit the testator attempted to create the trust.
>
> Although the attempted appointment of the testamentary guardian was ineffective for that purpose, the one so nominated has a power in trust over the property of the infant beneficiaries, which gives her just the same custody and control thereof as a testamentary guardian would have.

PROCEEDINGS for the construction of a will on the accounting of executors.

Solomon Brinn, for executor.

Joseph V. McKee, special guardian.

SCHULZ, S. The executor of the last will and testament of the decedent having rendered and filed his account and prayed for a judicial settlement thereof, the special guardian of the infant parties therein asks

for a construction of the will, particularly of paragraphs 7 and 8 thereof.

By paragraph 7 the testator attempted to appoint one of his sisters the guardian of two other sisters and a brother, who were infants, one of whom has arrived at majority since the will was made. The father of both of the infants was living when the will was made and still survives.

Section 81 of the Domestic Relations Law (Cons. Laws, chap. XIV), as far as material to the question involved, provides that upon the death of either the father or the mother, the surviving parent of any living child under the age of twenty-one years and unmarried, may by last will duly executed dispose of the custody and tuition of such child during its minority to any person or persons; and under that section it has been held that even a husband cannot during a wife's lifetime lawfully give the custody of their children to third persons without her consent. *People ex rel. Beaudoin* v. *Beaudoin,* 126 App. Div. 505; affd., 193 N. Y. 611; *Matter of Schmidt,* 77 Hun, 201.

In the matter under consideration the appointment was not made by a parent of the infants but by their brother and as stated, while the father of these infants was still living. It is evident that such an attempted appointment is not effective. *Fullerton* v. *Jackson,* 5 Johns. Ch. 278; *Matter of Scoville,* 72 Misc. Rep. 310; *Matter of Lichtenstadter,* 5 Dem. 214.

As the appointment was as guardian, and presumably was attempted to be made under the statute cited, I think it is evident that the intent of the decedent was that the proposed guardian thus nominated should be the guardian of the persons and of the estates of the infants, for " custody and tuition " used in the statute includes guardianship of the estate as well as of the person. *Matter of Zwickert,* 5 Misc. Rep. 272. While

the attempt to appoint a guardian of the persons of the infants failed, and the attempt to appoint a guardian of the estates of the infants was inoperative as an appointment, the person appointed may be invested with the power he would have possessed over the property if he had been appointed guardian, as trustee of a power. In other words, it may be proper to construe such an appointment as creating a valid power in trust giving the person named as guardian the same custody and control of the property devised and bequeathed by the testator to the respective infants as she would have if she were the guardian of the estate of such infants. *Matter of Kellogg,* 187 N. Y. 355; *Matter of Scoville, supra; Matter of Lichtenstadter, supra; Matter of Berndt,* 102 Misc. Rep. 646; *Matter of Wohlers,* 98 id. 500.

That the testator intended that the person nominated as guardian should have control of the property devised and bequeathed to the infants, is manifest further from the language of paragraph 8 of the will, which is as follows: " I appoint my sister Nora as trustee for my sisters Clarissa and Beatrice and my brother Bernie, and direct that the property whether real or personal, to which they shall be entitled to, shall be received by her, and invested by her as in her judgment she may deem best, and that she shall not be required to give any security as such trustee," the sister Nora being the same person whom he had in the preceding paragraph attempted to nominate as guardian.

Whether the trust attempted to be created in paragraph 8 of the will is one sanctioned by our laws is the second question which requires consideration.

Section 96 of the Real Property Law (Cons. Laws, chap. L) provides that an express trust may be created for one or more of the following purposes: to sell real property for the benefit of creditors; to sell, mort-

Misc.] Surrogate's Court, Bronx County, December, 1920.

gage or lease real property for the benefit of annuitants or other legatees, etc.; to receive the rents and profits of real property and apply them to the use of any person, etc., and to receive the rents and profits of real estate and accumulate the same subject to the provisions of law relating thereto.

It is evident that the attempted trust so far as it related to possible real property is not for any of the purposes enumerated in the section cited. The trustee apparently was to receive and invest the property but the life of the trust was not fixed nor was any provision made for the payment or accumulation of income nor for the disposition of the principal. Such a trust, under the authorities, is in my opinion a passive trust which is no trust at all, and in that event the property passes at once to the brothers and sisters named and for whose benefit the testator attempted to create the trust. *Matter of De Rycke,* 99 App. Div. 596; *Steinert* v. *Steinert,* 161 id. 841; *Verdin* v. *Slocum,* 71 N. Y. 345; *Woodgate* v. *Fleet,* 64 id. 566, 573; Real Prop. Law, *supra,* § 93. If my conclusion is correct, then the same rule applies to the personalty and the latter also vests in the beneficiaries stated. See cases cited *supra.*

In accordance with the foregoing, I hold that the attempt to create a trust in paragraph 8 of the will failed, and the property in question passed to the beneficiaries and that the attempted appointment of the testamentary guardian in paragraph 7 of the will was ineffective for that purpose but that the person there nominated has a power in trust over the property thus vested in such of the beneficiaries as are infants which gives her the same custody and control thereof, and no more, that a testamentary guardian of their estates would have.

Decreed accordingly.