In the Matter of the Estate of DORETTA E. DOBBS, Deceased.

Surrogate's Court, Westchester County, October 30, 1928.

*Ackerman & Levet,* for the petitioner.

SLATER, S. Doretta E. Dobbs died November 22, 1926. Her will, bearing date November 18, 1926, was duly admitted to probate by this court, and letters testamentary issued, to Howard E. Townsend, the executor named in said will, on December 2, 1926. The will reads in part as follows:

" All the rest, residue and remainder of my property both real and personal and wheresoever the same may be situated, I give, devise and bequeath to my beloved son, Gilbert Ward Dobbs, and I hereby appoint my friend Howard E. Townsend, of Hartsdale, Westchester County, New York, executor of this my Will and I direct that he shall not be required to give any bond or security whatsoever, any law to the contrary notwithstanding.

" I hereby appoint my friend, Howard E. Townsend of Hartsdale, Westchester County, New York. guardian of the property herein bequeathed and devised to my infant son Gilbert Ward Dobbs, until he shall attain the age of 21 years, and I direct that he shall not be required to give any bond or security whatsoever as such guardian, any law to the contrary notwithstanding."

The sole beneficiary under the will, Gilbert Ward Dobbs, is a minor. The father of the minor is living. The executor is now accounting and in his account of proceedings he shows a balance of $2,507.52, less commissions and expenses of the accounting. He desires directions as to the turning over of this fund.

The attempted appointment of Howard E. Townsend as guardian of the property of the minor is void. (Dom. Rel. Law, § 81, as amd. by Laws of 1925, chap 67.)

The provisions of this section vesting in the parent of a child the right to appoint its guardian are exclusive, and an attempted appointment by any other person is abortive. (*Fullerton* v. *Jackson* [1821] 5 Johns. Ch. 278; *Post* v. *Hover,* [1865] 33 N. Y. 593; *Matter of Lichtenstadter,* [1886] 5 Dem. 214; *Matter of Kellogg,* [1907] 187 N. Y. 355; *Matter of Scoville,* [1911] 72 Misc. 310.) But an attempt to appoint a person guardian of the property given to an infant by one not its parent, while inoperative as an appointment, gives such person the power he would· have possessed over the property

had he been a duly appointed guardian or trustee of a power. (*Matter of Scoville, supra; Matter of Lichtenstadter, supra; Matter of Kellogg, supra; Post* v. *Hover, supra; Matter of Baumann,* 113 Misc. 630.)

While the testatrix could not say who should have the custody and control of the property of her minor son, she had entire power to say who should have the control during his minority of that part of her property that she chose to give to him.

Therefore, Howard E. Townsend was given a power in trust over the property belonging to said minor. (*Matter of Kellogg, supra; Matter of Scoville, supra.*)

Chief Judge CULLEN, in reversing the lower courts in *Matter of Kellogg* (*supra*), said: " While the testator could not say who should have the custody and control of the property of his infant children generally, he had entire power to say who should have the custody and control during their respective minorities of that part of his property that he chose to give to them. He might have created a trust in her favor during the minority of each child, in which case the legal title during the trust term would be in the trustee. He was not, however, bound to adopt that course. He could leave the title in the minors and create a power in trust for the control and management of the fund. A power may be created for any lawful purpose and to do any act which the grantor might himself do (Real Property Law, sec. 111) "— (now section 131.) Cases cited — " and the statute equally applies to powers over personalty. (*Cutting* v. *Cutting,* 86 N. Y. 522.) Therefore, had the testator instead of appointing the appellants guardians of his children with the direction ' that all funds and securities belonging to each of my children shall be received, held and paid out by them jointly as said guardians,' said in express terms, ' I direct said persons to have the same care, custody and control during their minority over the property I give my children that a guardian would have,' it would have created a valid power in trust (*Blanchard* v. *Blanchard,* 4 Hun, 287; affd., 70 N. Y. 615), and to my mind he has said substantially the very same thing."

The decree on accounting should provide for the payment of the balance of the fund to Howard E. Townsend, to be held by him as trustee during the minority of the minor, Gilbert Ward Dobbs.