In the Matter of the Estate of J. RAYMOND CAHILL, Deceased.

Surrogate's Court, Orange County, October 6, 1936.

608

*Samuel W. Eager,* for the executors, petitioners.

*George F. Roesch,* for Letitia Halcott, alleged grantee of power in trust.

*Watts, Oakes & Bright [Charles C. Redfield* of counsel], for the Orange County Trust Company, alleged grantee of power in trust.

*P. R. Buttenheim,* special guardian.

TAYLOR, S. During their joint lives J. Raymond Cahill and his wife took into their home an infant who then became and has since been known as Jane Cahill and who was in all respects treated as their adopted child. As matter of fact Jane Cahill was never adopted by the decedent or his wife, who predeceased him.

The fifth paragraph of decedent's will " directs " that the decedent's sister shall be the guardian of the person of the infant, and that the said sister, together with the Orange County Trust Company of Middletown, N. Y., " should be joint guardians of her property and estate all during her minority, as provided by law, and that such guardians should not be required to give bond." A codicil to this will provides: " I hereby revoke my appointment of Mary Cahill [decedent's sister] as guardian of Jane Cahill and I do hereby direct that the guardian of her person and property shall be Mrs. Letitia Halcott, now of Otisville, New York." The first question to be considered is the authority of the decedent to appoint guardians of the person and property of this infant of whom he was not the father.

There can be no question that one not a parent cannot appoint guardians by will. (Dom. Rel. Law, § 81; *Fullerton v. Jackson,* 5 Johns. Ch. 278; *Matter of Scoville,* 72 Misc. 310; *Matter of Lichtenstadter,* 5 Dem. 214.)

The attempted appointment, therefore, of a guardian of the person of this infant is wholly ineffective, but the attempted appointment of guardians of the property will be effective so far as may be by judicial construction.

Instead of being guardians, as that term is known in the statutes, those named as such in the will are held to be grantees of a power in trust with the same rights and duties as to the care, custody and control that a legally appointed testamentary guardian would have during the minority of the infant. (*Post* v. *Hover*, 33 N. Y. 593; *Matter of Kellogg*, 187 id. 355; *Fullerton* v. *Jackson*, 5 Johns. Ch. 278; *Matter of Lichtenstadter*, 5 Dem. 214; *Matter of Berndt*, 102 Misc. 646; *Matter of Baumann*, 113 id. 630; *Matter of Baechler*, 121 id. 691; affd., 215 App. Div. 797; *Matter of Johnson*, 133 Misc. 431.)

In this particular case the persons named as guardians are grantees of a special power. (Real Prop. Law, §§ 132, 135, 138, 140, which are applicable to personal property; *Matter of Moehring*, 154 N. Y. 423; *Matter of Cooksey*, 182 id. 92.)

The distinction must be borne in mind, however, that a trustee acquires the legal title which does not pass to the grantee of a power. (*McGuire* v. *McGuire*, 201 App. Div. 71; *Embury* v. *Sheldon*, 68 N. Y. 227; *Cooke* v. *Platt*, 98 id. 35.)

The further question presented is whether the revocation of the appointment of decedent's sister as guardian and the substitution in her place and stead of Letitia Halcott operates also to revoke the attempted appointment of the Orange County Trust Company as coguardian.

It is a familiar rule that a codicil will not operate as a revocation of previous testamentary provisions beyond the clear import of its language, and that an express intention to make a change in a will in one particular negatives, by implication, an intention to alter it in any other respect, and that the two papers are to be read together. (*Hard* v. *Ashley*, 117 N. Y. 606; *Crozier* v. *Bray*, 120 id. 366; *Redfield* v. *Redfield*, 126 id. 466; *Viele* v. *Keeler*, 129 id. 190; *Goodwin* v. *Coddington*, 154 id. 283; *Herzog* v. *Title Guarantee & Trust Co.*, 177 id. 86; *Chew* v. *Sheldon*, 214 id. 344; *Bloodgood* v. *Lewis*, 209 id. 95; *Matter of Marshall*, 119 Misc. 407; *Matter of Maier*, 123 id. 244; *Matter of Mitchell*, 152 id. 228; *Matter of Grace*, 232 App. Div. 76; affd., 261 N. Y. 502.)

A suggestion as to practice may not be amiss. It has been shown that Mrs. Halcott and the Orange County Trust Company are neither guardians nor trustees, but grantees of a power in trust. As these grantees, in this case, take the place of testamentary

guardians, it is suggested that a petition be filed following, so far as may be done, the usual petition for the appointment of a testamentary guardian, together with the oath of office (or in the case of a trust company consent to accept such appointment duly acknowledged), and designation of the clerk to accept service of process (Surr. Ct. Act, §§ 95, 188), whereupon letters similar, so far as may be, to either letters of guardianship or letters of testamentary trusteeship will issue. No bond will be required in this case, because contrary to the express provisions of the will. (Surr. Ct. Act, § 188.)

Further, as the will in question appoints an individual and a trust company " joint guardians " letters will issue to this individual and trust company as joint grantees of a power.

Settle order on two days' notice, or by consent.