Joseph A. Cox, S.
In this proceeding to settle its account the petitioner requests the court to determine the meaning and effect *362 of paragraph Second: 1‘ second : I hereby nominate, constitute and appoint The Chase National Bank of the City.of New York as Executor hereof and as Guardian of the property of the said child Carlos Daniel, passing under this Will, to serve without bond, security or surety in any jurisdiction; and my said executor and guardian shall have full power and authority to sell real or personal property owned by me, at such times and upon such terms and conditions as to it shall seem advisable, may lease real property at any time held for terms in excess of those prescribed by law, may invest and reinvest in common and preferred stocks, bonds, debentures, bonds and mortgages, or other evidences of indebtedness whether secured or unsecured, without restriction, in amounts or types, to investments which are legal for executors and guardians of the property of infants.”
There can be no question that one not a parent cannot appoint guardians by will (Matter of Cahill, 160 Misc. 607; Domestic Relations Law, § 81; Matter of Scoville, 72 Misc. 310). Instead of being guardians, as that term is known in the statutes, those named as such in the will are held to be grantees of a power in trust with the same rights and duties as to the care, custody and control that a legally appointed testamentary guardian would have during minority of the infant (Post v. Hover, 33 N. Y. 593; Matter of Kellogg, 187 N. Y. 355; Matter of Johnson, 133 Misc. 431). Accordingly, under the provisions of the will the said petitioner Chase Manhattan Bank of New York is the donee of a power in trust with the right to control and manage the funds and property during the minority of said infant. Submit decree on notice construing the will accordingly.